31630.   PROGRESSIVE LIFE INSURANCE COMPANY *v.*
BOHANNON.

Decided September 6, 1947.

628

*Craighead, Dwyer & Lavender, M. H. Blackshear,* for plaintiff in error.

*Will Ed Smith,* contra.

TOWNSEND, J. (After stating the foregoing facts.) We do not deem it necessary to discuss in detail all the grounds of the original motion for a new trial as amended. The amended motion, with exceptions hereinafter noted, raises questions of law which were adjudicated by this court when the case was previously before us on demurrer. See *Progressive Life Insurance Co.* v. *Bohannon, 74 Ga. App.* 617 (supra). The holding of this court, when the case was before us on demurrer, is the law of the case and must be followed.

The only question raised by the amended motion, which has not been previously adjudicated, is whether or not the evidence demanded the verdict.

The evidence offered by the defendant in error supported the material allegations of her petition, and was not disputed by the plaintiff in error or contradicted by evidence of an adverse nature; the plaintiff in error contending throughout the entire case that First Federal Savings & Loan Association had no authority under its contract with the plaintiff in error to accept premiums on insurance policies which were more than thirty days in arrears.

Section 110-104 of the Code provides that, "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." In *Georgia Power Co.* v. *Decatur, 181 Ga.* 188 (4) (supra), it is said: "In a case where a verdict has been directed, and there appears any reason why the verdict was demanded, the judgment will not be reversed, notwithstanding there may have been rulings on the trial that might be erroneous. Any ruling, although wrong, that does not affect the verdict becomes harmless. Another trial will not be ordered when it is manifest that the same verdict and judgment will necessarily result on the second trial."

There being no issue of fact to submit to the jury, it was not error to direct a verdict for the defendant in error. This being true, the judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*